IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CRITICAL NURSE STAFFING,<br><br>           Plaintiff,<br>v.<br><br>FOUR CORNERS HEALTH CARE, et al.,<br><br>           Defendants. | MEMORANDUM DECISION AND ORDER GRANTING SECOND MOTION TO COMPEL AND GRANTING THIRD MOTION TO COMPEL<br><br>Case No. 2:13-cv-646 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Brooke Wells |

Before the court are two discovery motions filed by Plaintiff Critical Nurse Staffing (CNC). Plaintiff's second motion to compel seeks an order compelling Defendants to provide "substantive, adequate and truthful responses to both Interrogatory No. 15 and 16."[1] Plaintiff also seeks attorney fees and costs associated with brining the motion. In its third motion to compel CNC seeks documentation from Defendants in response to Production Request No. 14 and once again seeks attorney fees and costs.[2] The undersigned finds that oral argument would not be helpful and decides the motions on the basis of the written memoranda.[3] As set forth below, the court GRANTS the second motion to compel and GRANTS the third motion to compel.

---

[1] Mtn p. 8, docket no. 105.

[2] Docket no. 109.

[3] *See* DUCivR 7-1(f).

As noted by the court in a prior order, this case concerns in-home health care and the parties are competitors in the home health care industry. Plaintiff's allegations center on claims of conspiracy, contractual disputes and violations of Title 15 U.S.C. §1125.[4]

## I.     Plaintiff's Second Motion to Compel

On September 29, 2015, the court heard argument concerning motions to compel filed by both Plaintiff and Defendants.[5] The court found Plaintiff's Interrogatory 15, which is also the subject of the instant second motion to compel, too broad and ordered that it be rewritten. In its order the court stated, "Plaintiff is to identify those patients who left their care during the relevant time period. Defendant then is to provide the information in [Interrogatory 15] as to those patients identified by Plaintiff."[6] The court further ordered Defendants to provide information answering Interrogatory 16.[7] All supplements to discovery were ordered to be produced within thirty days from October 1, 2015.

Plaintiff's amended Interrogatory 15 states:

IDENTIFY every patient YOU have provided in-home healthcare services to as a result of their qualification for services under the EEOICPA whom YOU know to have been (at any time) a patient of the Plaintiff, including in YOUR response the name of each HHA, CNA, LPN or RN who provides or provided services on YOUR behalf to each patient listed.[8]

As now written, the court finds Plaintiff's amended Interrogatory 15 more specific and relevant to the issues in this case.

In response to Plaintiff's argument that Defendants have failed to answer Interrogatory 15, Defendants assert that a "response to amended interrogatory number 15 was given to plaintiff

---

[4] Complaint p. 2-7, docket no. 2.

[5] Docket no.

[6] Order dated October 1, 2015, p. 4, docket no. 93.

[7] *See id.*

[8] Mtn to Compel p. 5, docket no. 105.

on March 15, 2016, therefor this issue is moot."[9]  Defendants further assert that the parties never met and conferred regarding amended interrogatory 15.  The court finds Defendants arguments unpersuasive and bordering on disingenuous.  Plaintiff's second motion to compel was filed on March 1, 2016.[10]  Defendants then provided responses to Interrogatory 15 nearly two weeks later on March 16, 2016, despite the fact that they were served upon Defendants on November 2, 2015.[11]  Contrary to Defendants' arguments, discovery responses that are nearly four months late and provided after a motion to compel is filed do not moot a motion to compel.  Rather, such conduct warrants the imposition of sanctions for noncompliance with the federal rules of discovery and this court's prior order setting forth a 30 day deadline for production of discovery.

Moreover Defendants attempt to rationalize its conduct by arguing the parties never met and conferred regarding this interrogatory is not supported by the record.  In short it appears Defendants failed to respond to Interrogatory 15 and they now seek to justify their conduct.

The court therefore GRANTS Plaintiff's motion to compel as to Interrogatory 15.  In Plaintiff's reply memorandum filed on April 4, 2016, Plaintiff states that it has yet to receive the discovery that was allegedly provided on March 16th.  Defendants are given twenty (20) days from the date of this order to properly respond to Interrogatory 15.

Plaintiff's Interrogatory 16 provides:

> IDENTIFY each and every person who has worked for, or on YOUR behalf in any way on any aspect of YOUR business since 2010 and describe in detail each such person's duties and actions in connection with YOUR business.

As noted previously in its order from October 2015, the court finds the information sought by this interrogatory relevant to the allegations in the Complaint.  "[T]he scope of discovery under

---

[9] Op. p. 2, docket no.108.

[10] Docket no. 105.

[11] *See* reply p. 2, docket no. 113.

the federal rules is broad . . . 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'"[12]

Defendants note that a "draft response" to Interrogatory 16 was emailed to Plaintiff's attorney on November 25, 2016 and an amended response was provided on March 16, 2016. The parties each dispute the meaning of certain deposition testimony as it relates to who exactly fits within Interrogatory 16. At this stage of the litigation discovery is to be broadly construed. Defendants are entitled to their theory of the case, but Plaintiff is entitled to discovery based on its theory. Defendants are required to provide a written response to this interrogatory signed and under oath based upon the broad discovery standards applicable at the current stage of this case within twenty (20) days from the date of this order.

## II. Plaintiff's Third Motion to Compel

Plaintiff seeks to compel Defendants to provide the requested documentation sought in Production Request 14 and attorney fees and costs required to bring the third motion to compel.[13] Request for production 14 states:

> [PRODUCTION] REQUEST NO. 14. Produce a copy of the personnel file, including but not limited to write ups, employment eligibility verification forms, W-9s, any documents regarding the termination of the working relationship between employee/independent contractor and Four Corners health Care – NM, LLC, contracts between Four Corners Health Care – NM, LLC and employee/independent contractor, communications between employee/independent contractor and Four Corners health Care – NM, LLC, any and all payroll records, including but not limited to W-2s, 1099s, pay statements issued to employee/independent contractor and any other documents related to the employee/independent contractor's working relationship with Four Corners health Care – NM, LLC for the following:
>
>     a. Sara Gonzales;
>     b. Sarah Morlang;

---

[12] *Gomez v. Martin Marietta Corp.*, 50 F.2d 1511, 1520 (10th Cir. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

[13] Mtn p. 8, docket no. 109.

        c. Annette Ellis Smith;
        d. Jarvina Lee;
        e. Jonathan Blank;
        f. Gary Slavens;
        g. Barbie Barker;
        h. Esther Ateene;
        i. Tiffany Kimmrle;
        j. Lauren DeCarlo;
        k. Genevieve Purcella;
        l. Jennifer Rhymes;
        m. Stacey Wojcik;
        n. Ernestine Harrison;
        o. Laverne Jim;
        p. Travis Shumway; and
        q. Chad Shumway[14]

In opposition Defendants assert that a "plaintiff is not entitled to obtain the personnel files of all employees who allegedly did wrong in a case."[15] Defendants cite to *Regan-Touhy v. Walgreen Co.*,[16] in support of their argument. In *Regan* the plaintiff brought an action against a pharmacy for intentional infliction of emotional distress, breach of duty of confidentiality, invasion of privacy, and disclosure of confidential medical information. During discovery the plaintiff sought the entire contents of an employee's personnel file. The district court found the request overly broad and on appeal the Tenth Circuit agreed noting that "personnel files often contain sensitive personal information, just as pharmacy files do, and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly."[17] The Tenth Circuit went on to state that personnel files are not "categorically out-of-bounds."[18] Rather, if a request is "more

---

[14] Mtn p. 3.

[15] Op. p. 2, docket no. 110.

[16] 526 F.3d 641 (10th Cir. 2008).

[17] *Id.* at 648.

[18] *Id.* at 649.

narrowly targeted" than that found in *Regan* focusing "only on documents" then perhaps such a request may have been proper.

Here, Plaintiff argues that its request does not seek the entire personnel file of those individuals it contends participated in the actions underlying this case. Rather, it seeks information from only those named individuals and "Plaintiff has attempted to narrowly tailor the request to include only documents within those files which might contain relevant information with respect to Plaintiff's claims."[19]

The court finds Plaintiffs have sufficiently articulated a connection between this case and the named individuals in Request No. 14. Request number 14 states in part: "Produce a copy of the personnel file, including but not limited to . . . ."[20] The court, however, finds the language "including, but not limited to" over broad because it turns Plaintiff's request into one seeking much more than the requested documents which follow. As such the court will order production of those items articulated in the Request to wit:

> write ups, employment eligibility verification forms, W-9s, any documents regarding the termination of the working relationship between employee/independent contractor and Four Corners health Care – NM, LLC, contracts between Four Corners Health Care – NM, LLC and employee/independent contractor, communications between employee/independent contractor and Four Corners health Care – NM, LLC, any and all payroll records, including . . . W-2s, 1099s, pay statements issued to employee/independent contractor and any other documents related to the employee/independent contractor's working relationship with Four Corners health Care – NM, LLC . . . .[21]

The court finds the information sought by this revised Request relevant to the present issues. The court further finds such a request more in harmony with the Supreme Court's mandate to

---

[19] Reply p. 4, docket no. 121.

[20] Mtn p. 3 (emphasis added).

[21] *Id.*

meet the requirement of Rule 26(b)(1) and firmly apply the relevancy standard to avoid "annoyance, embarrassment, [or] oppression."[22] Accordingly, the court is not persuaded that this matter is controlled by *Regan*.

### CONCLUSION AND ORDER

IT IS HEREBY ORDERED that the second motion to compel is GRANTED.  Defendant shall respond to discovery within twenty (20) days from the date of this order.

IT IS FURTHER ORDERED that the third motion to compel is GRANTED.

Expenses and attorney fees are awarded for Plaintiff as to the second motion to compel. Plaintiff is to submit an affidavit concerning the expenses and fees associated with bringing the second motion to compel.  No expenses or attorney fees are awarded as to the third motion to compel as substantial justification existed for the positions taken by Defendants on issues raised in that motion.

Unless otherwise noted, all supplements to the discovery subject to this order are to be provided no later than thirty (30) days from the date of this order.

IT IS SO ORDERED.

DATED this 25 April 2016.

*Brooke C. Wells*
Brooke C. Wells
United States Magistrate Judge

---

[22] *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (quotations omitted).