IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CRITICAL NURSE STAFFING,<br><br>     Plaintiff,<br>v.<br><br>FOUR CORNERS HEALTH CARE, et al.,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO STRIKE AND GRANTING MOTION FOR ENTRY OF PROTECTIVE ORDER<br><br>Case No. 2:13-cv-646 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Brooke Wells |

  Before the Court are two motions.[1] Defendants, Four Corners Health Care corporation et al. (Four Corners), seek an order from the court striking Plaintiff's damages claim, or in the alternative, request an order requiring Plaintiff's damages expert to provide a report in compliance with Federal Rule 26 and to extend the deadline to provide a rebuttal report.[2] Plaintiff Critical Nurse Staffing (CNS) moves the court for the entry of a protective order with respect to the "Financial Data" spreadsheet provided to Defendants with CNS' expert witness disclosure.[3] The court addresses each of these motions in turn.

  This case involves in-home health care and the parties are competitors in that industry. Plaintiff's allegations in this case center on claims of conspiracy, contractual disputes and

---

[1] This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A). The Court has carefully reviewed th written memoranda submitted by the parties and based upon Local Rule 7-1(f) has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.

[2] Docket no. 111.

[3] Docket no. 112.

violations of Title 15 U.S.C. §1125.[4]  Currently, the parties are locked into what appears to be a series of never-ending discovery disputes.[5]

## I. Defendants' Motion to Strike or in the Alternative Require Additional Documentation and Report

"Defendants seek an order from this court, striking plaintiffs claim for damages.  If that remedy is not given, defendants seek an order requiring the plaintiff's damages expert to provide a report in compliance with FRCP 26 and to extend defendants' deadline to provide rebuttal experts."[6]  Defendants argue CNS failed to comply with the requirements of Rule 26(a)(1) and subsequently failed to provide answers to interrogatories and requests for production of documents.  Plaintiff has failed to provide an expert report, and because CNS "refused to 'play fair' in this litigation," Plaintiff should be "prohibited from introducing evidence of damages at trial."[7]  Plaintiff's expert is Sarah Francis, who is the Chief Financial Officer for Plaintiff.

The Court is not persuaded by Defendants arguments.  The Court fails to find a basis to strike Plaintiff's claim for damages.  The Court does not believe Plaintiff to be in violation of the undersigned's prior orders.

In addition, as noted in decisions from the Tenth Circuit,[8] this district[9] and the Eastern District of Washington,[10] there are certain circumstances when an expert is not required to file a

---

[4] Complaint p. 2-7, docket no. 2.

[5] *See e.g.,* docket nos. 93, 105, 109, 11, 112 and 132..

[6] Mtn. p. 1, docket no. 111.

[7] Mtn. p. 5.

[8] *Watson v. U.S.*, 485 F.3d 1100 (10th Cir. 2007).

[9] *Adams v. Gateway, Inc.*, 2006 WL 644848 (D.Utah March 10, 2006).

[10] *Navajo Nation v. Norris*, 189 F.R.D. 610, 613 (E.D.Wash 1999).

report. These "include individuals who are employed by a party and do not regularly give expert testimony."[11] Rule 26(a)(2)(B) of the Federal Rules of Civil procedure provides in relevant part:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."[12]

In 2010, an amendment to Rule 26(a)(2) was adopted that added a new subsection to Rule 26. Subsection (C) further illustrates the intent of the rule makers to allow some experts to not submit a report. Subsection (C) provides:

> Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
>> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
>> (ii) a summary of the facts and opinions to which the witness is expected to testify.[13]

The Advisory Committee Notes relating to this new subsection provide:

> Rule 26(a)(2)(C) is added to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(A)(2)(B) and of the facts supporting those opinions. This disclosure is considerably less extensive than the report required by Rule 26(A)(2)(B). Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have.
>
> This amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted form the report requirement.[14]

---

[11] *Watson*, 485 F.3d at 1107.

[12] Fed.R.Civ.P. 26(a)(2)(B) (2016).

[13] Fed.R.Civ.P. 26(a)(2)(C).

[14] Notes of Advisor Committee on 2010 Amendments to Rules.

The plain language of the Rule 26, case law from this district and the Tenth Circuit, and the Advisory Committee Notes all support a distinction between experts that must provide reports and those that are exempt. Defendants suggest that Ms. Francis does not meet the exemption requirements under Rule 26 because she has analyzed the data and formed an opinion twice previously, has been designated as an expert twice before and is designated as an expert in this case. These facts fall far short of leading the undersigned to conclude that Ms. Francis' duties as an employee of Plaintiff regularly involve giving expert testimony. Ms. Francis' affidavit states that she does not provide expert witness testimony on a regular or recurring basis and she has yet to provide expert testimony in the other cases in which she has been involved as a named expert.[15] There is nothing offered by Defendants to refute her affidavit. As long as Ms. Francis satisfies the requirements found in 26(a)(2)(C) there is no need for her to provide a written report.

Finally, Defendants cited authority, *Minnesota Mining and Manufacturing Company v. Signtech USA, Ltd.*,[16] does little to advance their position. This case was decided prior to the 2010 Amendments and a subsequent decision from that same district concluded the *Signtech* court reached an incorrect decision.[17]

The Court therefore will deny Defendants' alternative request to require additional documentation and an expert report. What remains of Defendants motion is whether or not an extension of time should be granted for Defendants to provide rebuttal reports. The Court is not convinced that an extension is warranted. The current expert discovery deadline is set to close

---

[15] Affidavit of Sarah Francis, p. 1, docket no. 123-1.

[16] 177 FRD 459 (Minn. 1998).

[17] *Duluth Lighthouse v. C.G. Bretting Manufacturing Co., Inc.*, 199 F.R.D 320, 324 (Minn. 2000).

on July 29, 2016, which should provide adequate time for Defendants'' expert(s) to provide a rebuttal report.

## II. Plaintiff's Motion for Entry of a Protective Order

In this motion the parties' dispute centers on the designation of financial data spreadsheets that were provided to Defendants with Plaintiff's Expert Witness Disclosure. Plaintiff asserts that the designation should remain "attorney eyes only." In contrast, Defendants argue the designation should be "merely 'confidential' not 'attorney eyes only.'"[18]

Information in this case is protected by the Court's Standard Protective Order.[19] The Standard Protective Order provides that the designation CONFIDENTIAL – ATTORNEYS EYES ONLY may only be used for the following types of past, current or future protected information:[20]

> (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Standard Protective Order the producing party reasonably and in good faith believes would likely cause harm.[21]

---

[18] Op. p. 1, docket no. 119.

[19] Local Rule 26-2 provides for the entry of the Court's Standard Protective Order in civil cases so that discovery may commence without unnecessary delay. It applies in every case involving the disclosure of information designated as confidential. "Unless the court enters a different protective order, pursuant to stipulation or motion, the Standard Protective Order available on the Forms page of the court's website . . . shall govern and discovery under the Standard Protective Order shall proceed." DUCivR 26-2 (2015).

[20] The Standard Protective Order defines PROTECTED INFORMATION as "confidential or proprietary technical, scientific, financial, business, health, or medical info1mation designated as such by the producing party." Standard Protective Order p. 2, attached as exhibit 3 to Plaintiff's motion. Docket no. 112-3. The Standard Protective Order may also be found on the Court's website at http://www.utd.uscourts.gov under the forms section. For ease of reading the Court does not capitalize protected information in its decision.

[21] Standard Protective Order p.2.

Information that has been designated as CONFIDENTIAL – ATTORNEYS EYES ONLY "shall be disclosed by the receiving party only to Qualified Recipients."[22] Qualified Recipients include *inter alia*, outside counsel for a party as well as the "partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action;"[23] Court officials; and any outside Technical Advisor[24] "employed by the outside counsel of record, . . . ."[25]

The term CONFIDENTIAL INFORMATION means all protected information that is not designated as CONFIDENTIAL – ATTORNEYS EYES ONLY.[26] Information that is designated as CONFIDENTIAL INFORMATION may be shared with a wider range of individuals including in-house counsel for a party to an action, the insurer of a party to litigation and employees of the parties.[27] Thus, the question before the Court is whether the financial data spreadsheets should be designated to allow for broader distribution?

Plaintiff argues the financial data spreadsheets constitute "highly sensitive financial or marketing information" that would allow Defendants a "comparison of a competitor's products."[28] Plaintiff further argues that these spreadsheets represent "competitive business information" and thus should be protected. In opposition Defendants challenge the type of information arguing that it cannot be labeled as competitive business information. Defendants

---

[22] *Id.* at p. 7.

[23] *Id.* at p. 8.

[24] "The term TECHNICAL ADVISOR shall refer to any person who is not a party to this action and/or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another party's PROTECTED INFORMATION, including CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, and CONFIDENTIAL INFORMATION." Standard Protective Order p. 3.

[25] Standard Protective Order p. 8.

[26] Standard Protective Order p. 2.

[27] *See id.* at p. 9.

[28] Mtn p. 5, docket no. 112.

also argue that the information in the spreadsheets need not be hidden because it was "readily available in the community and freely discussed at the flea market."[29]

The Court has reviewed the spreadsheets and finds that the information contained in them is competitive business information. The Court, therefore, rejects Defendants' arguments that they should be designated as CONFIDENTIAL INFORMATION. Further, it appears that Defendants either have, or are in the process of obtaining an expert who would be characterized as a Technical Advisor who may view the spreadsheets. The Court does not believe that Defendants need to share the information with their employees to verify Plaintiff's calculations. Such work is better left for an expert. The Court will grant Plaintiff's Motion for Entry of a Protective Order regarding the financial data spreadsheets.

---

[29] Op. p. 5, docket no. 119.

## CONCLUSION AND ORDER

IT IS HEREBY ORDERED that Defendants' Motion to Strike Damages or in the Alternative Provide Additional Documentation and An Expert Report and to Extend Defendants' Disclosure Deadline is DENIED.  Plaintiff's expert, Ms. Francis, is ORDERED to comply with the requirements of Federal Rule 26(a)(2)(C).

IT IS FURTHER ORDERED that Plaintiff's Motion for Entry of a Protective Order with respect to Financial Data Spreadsheet is GRANTED.

Expenses and attorney fees are awarded are not awarded for either motion as substantial justification existed for the positions taken by the parties raised in their defense of motions.

IT IS SO ORDERED.

DATED this 10 May 2016.

_____
Brooke C. Wells
United States Magistrate Judge