IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRITICAL NURSE STAFFING,<br><br>                          Plaintiff,<br><br>v.<br><br>FOUR CORNERS HEALTH CARE<br>CORPORATION, a Utah Corporation; and<br>FOUR CORNERS HEALTH CARE – NM,<br>a New Mexico Limited Liability Company,<br><br>                          Defendants. | MEMORANDUM DECISION AND<br>ORDER DENYING DEFENDANTS'<br>MOTION TO SUBSTITUTE REDACTED<br>VERSIONS OF DOCUMENTS<br><br><br>Case No. 2:13-CV-646-TS<br><br>District Judge Ted Stewart |

## I. BACKGROUND

This matter is before the Court on Four Corners Health Care Corporation and Four Corners Health Care's (collectively "Defendants") Motion to Substitute Redacted Versions of Documents, filed October 14, 2019.[1] This Motion is in reference to a case dismissed on December 1, 2016.[2] For the reasons discussed below, the Court will deny the Motion.

## II. DISCUSSION

Defendants seek substitution of documents on the Court's docket with alternate versions that redact patient names. As Defendants point out, Federal Rule of Civil Procedure 5.2 requires that a person or entity who submits a court filing containing "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a

---

[1] Docket No. 186.

[2] *See* Docket No. 185.

minor, or a financial-account number" redact certain information.³ The patient names that Defendants seek to redact are not included among the protected information types listed under Rule 5.2, and Defendants did not redact these names when originally submitting their filings.⁴ The Court has no information to suggest any of the relevant patient names are for minors. While Defendants point to language in the local rules that "[t]he court may order redaction of additional personal identifiers by motion and order in a specific case or as to a specific document or documents,"⁵ they do not provide justification for the Court to take such an action.

The local rules note that "[t]he records of the court are presumptively open to the public. . . . Unless restricted by statute or court order, the public shall have access to all documents filed with the court and to all court proceedings."⁶ The local rules further elaborate that "[o]n motion of a party and a showing of good cause, a judge may order that a Document be sealed."⁷ These rules consistently reflect a strong policy interest in preserving public access to complete court documents.⁸

"Courts have long recognized a common-law right of access to judicial records."⁹ While not an absolute right, there is a "strong presumption in favor of public access."¹⁰ "The party

---

³ FED. R. CIV. P. 5.2(a).

⁴ *See* Docket Nos. 132, 155, 157, 172.

⁵ DUCivR 5.2-1(a).

⁶ DUCivR 5-3(a).

⁷ *Id.*

⁸ *See* DUCivR 5-2, 5-3, 5.2-1.

⁹ *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (internal quotation marks omitted).

¹⁰ *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption."[11] This presumption is one of access to complete court documents.[12] Absent any showing of an interest that outweighs presumptive public disclosure, the Court cannot favor redaction.

### III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Substitute Redacted Versions of Documents (Docket No. 186) is DENIED.

DATED   November 4, 2019

BY THE COURT:

---

[11] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (internal quotation marks omitted).

[12] *See e.g.*, DUCivR 5-3(a)(2) (providing that counsel make limited redactions to prevent overdesignation of sealed documents, including to "redact personal identifiers, as set forth in DUCivR 5.2-1 . . . ," "redact the confidential portions of a Document when they are not directly pertinent to the issues before the court . . . ," or "if the protectable information is pertinent to the legal issues before the court, redact the protectable information from the Document . . . ."); *see also United States v. Jackson*, No. 16-CR-2362-WJ, No. 16-CR-2363-WJ, 2018 WL 6605949, at *3 (D. N.M. Dec. 17, 2018) (allowing limited redaction after the court considered the "public interest in accessing the full opinion and weighed that interest against law enforcement's interest in the protection of sensitive technical information…" and finding that government overcame the "presumption in favor of unlimited public access"); *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, 960 F. Supp. 2d 1011, 1014 (D. Minn. 2013) (rejecting defendant's argument for redaction because "the public's interest in full access to the judicial order is strong and [defendant] failed to show a strong countervailing interest"); *Peru v. T-Mobile USA, Inc.*, No. 10-CV-1506-MSK-BNB, 2010 WL 2724085, at *2 (D. Colo. July 7, 2010) (finding plaintiff failed to show that concern over disclosure of certain private facts about her "outweighs the significant public interest in full access to judicial records"); *Fanning v. Washita Freight Systems, Inc.*, No. CIV-08-411-C, 2009 WL 536860, at *1, n.1 (W.D. Okla. Mar. 3, 2009) (noting that the "Plaintiff's privacy interests do not outweigh the substantial public interest in favor of full disclosure of judicial records").

_____
TED STEWART
United States District Judge